IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 23-40569** |
| **PRUCO LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,**<br><br>Defendants. | **Adv. Proc. No. 23-04021-EJC** |

### JUDITH HIRSCH'S ANSWER TO PLAINTIFF'S COMPLAINT, CLAIM FOR FUNDS, AND COUNTER-CLAIM

Judith Hirsch ("Judith Hirsch" or "Defendant"), answers and responds to the Complaint filed by Pruco Life Insurance Company ("Pruco" or "Plaintiff") as follows:

### ANSWER TO COMPLAINT

Defendant denies all allegations set forth in Plaintiff's Complaint which are not specifically admitted in this Answer. Defendant answers the individually-numbered paragraphs of the Complaint as follows:

1. Defendant denies the allegations of paragraph one based on the allegations contained in the Plaintiff's complaint; without limitation this Defendant has not had an opportunity to review any claims by co-defendant Tiffany Caron, in her capacity as Chapter 7 Trustee (herein, the "Trustee"), in this Adversary Proceeding.

## I. THE PARTIES

2. Defendant lacks sufficient information to admit or deny the allegations of Paragraphs 2 of the Complaint, and those allegations are therefore denied.

3. Defendant admits the allegations contained in Paragraph 3 except for the use of the word "putative". Judith Hirsch is the beneficiary not the putative beneficiary.

4. Defendant denies that the Chapter 7 Trustee is a beneficiary or "putative" beneficiary of the policy. Otherwise, Defendant admits the remaining allegations contained in Paragraph 4 of the Complaint for Interpleader.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint for Interpleader.

## II. JURISDICTION AND VENUE

6. Defendant reincorporates its Answers to the numbered paragraphs as above.

7. Defendant admits that 28 U.S.C. § 1334(b) provides for jurisdiction of proceedings related to a bankruptcy case. Defendant denies the allegations of paragraph seven based on the allegations contained in the Plaintiff's complaint; without limitation this Defendant has not had an opportunity to review any claims by co-defendant Trustee in this Adversary Proceeding.

8. Defendant denies the allegations contained in the Paragraph 8 of the Complaint for Interpleader, pending this Defendant's review of any claim made by co-Defendant Trustee. Upon information and belief, Defendant denies that this Adversary constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Defendant does not consent to entry of final orders by the Bankruptcy Court at this time.

9. Defendant denies that this Adversary Proceeding arises in this case or relates to this bankruptcy case at this time, because the Trustee has not yet filed any claim in this case.

To the extent that this court has subject matter jurisdiction, Defendant admits that venue is proper in this Court. But to the extent that the court lacks subject matter jurisdiction, then Defendant shows that venue may lie in the district court or a state court.

### III. FACTS SUPPORTING INTERPLEADER

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint for Interpleader. Defendant is without information sufficient to form a belief as to the truthfulness of the allegations in footnote 1 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint for Interpleader.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint for Interpleader.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint for Interpleader.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint for Interpleader to the extent that $5,003,628.97 (the "Death Benefit") is the correct principal amount due under the Policy. However, Defendant denies the allegations of Paragraph 14 to the extent the Death Benefit identified by Plaintiff fails to include the interest due to Defendant under Georgia law that has accrued since the date of the insured's death.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint for Interpleader in that $4,853,628.97 (the "Remaining Death Benefit") is the correct the remaining principal amount due under the Policy after the claim of LST Holdings, Ltd. was paid out. However, defendant denies that the Remaining Death Benefit is all that is currently due under the Policy, as this amount fails to include the interest Defendant is entitled to under Georgia law.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint for Interpleader.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint for Interpleader.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint for Interpleader.

### IV. THE APPROPRIATENESS OF INTERPLEADER

19. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint for Interpleader.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint for Interpleader.

21. Defendant admits that Pruco is a mere stakeholder in this action, having and claiming no interest in the Remaining Death Benefit. Defendant admits that she is entitled to interest on the principal sum due. Defendant shows that she is entitled to all principal and interest due. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint for Interpleader.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Complaint for Interpleader.

23. Defendant shows that there has been no fraud or collusion between Plaintiff and her, but otherwise, this Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint for Interpleader.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Complaint for Interpleader.

**PRUCO'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

1. In its Prayer for Relief, Pruco requests that this court award Pruco "payment of its reasonable attorney's fees and costs" in bringing this action.

2. "It is axiomatic that an award of attorneys' fees and costs in an interpleader action in bankruptcy is an equitable matter that lies within the sound discretion of the bankruptcy court." *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 382-83, 8 Fla. L. Weekly Fed. C 205 (11th Cir. 1994).

3. While attorneys' fees and costs incurred in bringing an interpleader action may be warranted in certain circumstances, "courts have determined that attorneys' fees are not warranted…when a stakeholder's interpleader claim arises out of the normal course of business." *Chase,* 21 F.3d at 383. "[T]his standard typically is applied to insurance companies." *Id.*

4. "[A]ttorneys' fees should not be granted to the stakeholder as a matter of course in interpleader actions concerning the proceeds of insurance policies. Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest." *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Tr. Co.*, 537 F. Supp. 1147, 1150-51 (M.D. Ga. 1982).

5. Thus, Pruco is not entitled to attorney fees and costs for bringing this action which arose in the normal course of its business.

## CLAIM FOR FUNDS

COMES NOW Judith Hirsch and reincorporates her Answers to the numbered paragraphs as above and files this its Claim for Funds, showing the court as follows:

1. On or about July 15, 2020, Plaintiff issued an insurance policy insuring the life of Gregory Hirsch in the amount of $5,000,000.00 designated Policy No. L7000224) (the "Policy"). This Defendant is the named beneficiary of the Policy.

2. On April 2, 2023, Mr. Hirsch submitted a change of beneficiary form requesting that $150,000 of the Policy proceeds be paid to LST Holdings, Ltd. ("LST"), with the balance of the Policy proceeds and any return on premiums being paid to Mrs. Hirsch.

3. Mr. Hirsch was the sole owner and member of Master Lending Group, LLC ("MLG").

4. On July 6, 2023, MLG filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of United States Code in the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division, Case No. 23-40569 (the "Bankruptcy Case").

5. Defendant Tiffany E. Caron (the "Trustee") was appointed as Chapter 7 Trustee in the Bankruptcy Case.

6. On August 3, 2023, Mr. Hirsch died.

7. Pursuant to Georgia law, at the time of Mr. Hirsch's death, the Policy proceeds vested in LST and Mrs. Hirsch, to the extent of their respective interests.

8. Subsequently, Pruco paid out LST's $150,000 interest in the Policy proceeds.

9. Upon information and belief, on August 17, 2023, the Trustee sent a letter to Pruco asserting a claim to the Policy proceeds and demanding that Pruco immediately turn over the Policy proceeds to the Trustee. The Trustee further instructed Pruco that "[u]nder no

circumstances should the proceeds be disbursed to Mrs. Hirsch." This demand by the Trustee was unknown to Defendant Judith Hirsch at that time.

10. On August 25, 2023, Mrs. Hirsch submitted a claim for the remaining Policy proceeds to Pruco. As of the date of filing this response, Pruco has not paid out Mrs. Hirsch's claim.

11. Georgia law states that life insurance proceeds "shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy[.]" O.C.G.A. § 33-25-11.

12. As such, Mrs. Hirsch is entitled to receive the Policy proceeds.

13. Pruco had no legal basis upon which to withhold the Policy proceeds from Mrs. Hirsch.

## COUNTER-CLAIM AGAINST PRUCO FOR INTEREST

COMES NOW Judith Hirsch and reincorporates her Answers to the numbered paragraphs as above and files this Counter-Claim, showing the court as follows:

1. As a result of Pruco's failure to pay Mrs. Hirsch the Policy proceeds, Mrs. Hirsch is entitled to receive interest on the Policy proceeds pursuant to O.C.G.A. § 33-25-10.

2. Pursuant to O.C.G.A. § 33-25-10, such interest shall be computed "from the insured's death until the date of payment." O.C.G.A. § 33-25-10(b).

3. Further, "interest shall be computed daily at the greater of the rate of 6 percent per annum or the highest interest rate currently paid by the insurer on proceeds left under an interest settlement option; provided, however, that when a claim for the policy proceeds is filed with the insurer, interest shall be computed daily from 30 days after the date the claim is filed until the date of payment at the rate of 12 percent." O.C.G.A. § 33-25-10(b)(2).

4. Thus, Mrs. Hirsch is entitled to interest at a rate of 6% per annum from August 3, 2023 through September 24, 2023 and 12% from September 24, 2023 through the filing of this action. This Defendant claims interest in the amount of $197,260.27.

WHEREFORE, having answered each and every allegation of Plaintiff's Complaint in Interpleader, having answered and denied Plaintiff's claim for attorney fees, and having filed her counterclaim for interest, Defendant Judith Hirsch prays that:

(a) Plaintiff be permitted to interplead the Remaining Death Benefit (as defined in the Complaint) together with all interest on said sum due under applicable law as set forth herein;

(b) Plaintiff be denied attorneys' fees and costs;

(c) The Remaining Death Benefit be awarded to Defendant Judith Hirsch;

(d) Defendant Judith Hirsch be granted interest on the Policy proceeds, i.e. the Remaining Death Benefit, in the amount of $197,260.27 accordance with O.C.G.A. § 33-25-10;

(e) Defendant Judith Hirsch be granted its attorney's fees and other consequential damages; and

(f) Defendant Judith Hirsch have such other and further relief as may be equitable and just under the facts set out herein.

RESPECTFULLY SUBMITTED this 29th day of January, 2024.

**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE, Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
*Attorney for Judith Hirsch*

**OLIVER MANER LLP**
*/s/ Timothy D. Roberts*
Timothy D. Roberts
Georgia Bar No. 609795
218 West State Street
Savannah, GA 31401
(912)236-3311
troberts@olivermaner.com
*Attorney for Judith Hirsch*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>   Debtor. | **Chapter 7**<br><br>**Case No. 23-40569** |
| **PRUCO LIFE INSURANCE COMPANY,**<br><br>   Plaintiff,<br><br>v.<br><br>**JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,**<br><br>   Defendants. | **Adv. Proc. No. 23-04021-EJC** |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Judith Hirsch's Answer to Plaintiff's Complaint, Claim for Funds, and Counter-Claim* ("Answer") using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Answer to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Ellen Louise Ash**   ellen.ash@qpwblaw.com
- **Natalie Rowland**   nrowland@taylorenglish.com
- **Christopher Brent Wardrop**   justin.plean@qpwblaw.com

This 29th day of January, 2024.

**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE
Atlanta, GA 30308
Attorney for Judith Hirsch
(404) 564-9300
ljones@joneswalden.com