# UNITED STATES BANRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: MASTER LENDING GROUP, LLC,<br><br>Debtor. | Case No. 23-40569<br><br>Chapter 7<br><br><br>Adv. Proc. No. 23-04021-EJC |
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,<br><br>Defendants. | **ANSWER TO JUDITH HIRSCH'S CLAIM FOR FUNDS AND COUNTERCLAIM AGAINST PRUCO LIFE INSURANCE COMPANY FOR INTEREST** |

Plaintiff, Pruco Life Insurance Company ("Pruco"), through its undersigned counsel, files this Answer to Defendant Judith Hirsh's Claim for Funds and Counterclaim against Pruco for Interest and says as follows:

## CLAIM FOR FUNDS

1. Pruco incorporates by reference the allegations set forth in its Interpleader Complaint and denies any allegation of paragraph 1 of the Claim for Funds that is inconsistent therewith.

2. Pruco incorporates by reference the allegations set forth in its Interpleader Complaint and denies any allegation of paragraph 2 of the Claim for Funds that is inconsistent therewith.

3. Pruco lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the Claim for Funds.

4. Pruco admits the allegations of paragraph 4 of the Claim for Funds

5. Pruco admits the allegations of paragraph 5 of the Claim for Funds.

6. Pruco admits the allegations of paragraph 6 of the Claim for Funds on information and belief.

7. The allegations of paragraph 7 of the Claim for Funds assert legal conclusions to which no response is required and thus the allegations are denied.

8. Pruco incorporates by reference the allegations set forth in its Interpleader Complaint and denies any allegation of paragraph 8 of the Claim for Funds that is inconsistent therewith.

9. Pruco lacks sufficient knowledge of information to form a belief as to whether Defendant Judith Hirsch knew about the Trustee's demand at the time of the demand. Pruco incorporates by reference the allegations set forth in its Interpleader Complaint and denies any remaining allegation of paragraph 9 of the Claim for Funds that is inconsistent therewith.

10. Pruco incorporates by reference the allegations set forth in its Interpleader Complaint and denies any allegation of paragraph 10 of the Claim for Funds that is inconsistent therewith.

11. The allegations of paragraph 11 of the Claim for Funds asserts legal conclusions to which no response is required and thus the allegations are denied.

12. To the extent the allegations of paragraph 12 of the Claim for Funds assert legal conclusions, no response thereto is required and the allegations are deemed denied. Pruco lacks sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations of paragraph 12 of the Claim for Funds and further states that it has submitted this issue to the Court via its Interpleader Complaint, the allegations of which are incorporated herein by reference.

13. Pruco denies the allegations of paragraph 13 of the Claim for Funds.

**WHEREFORE**, Pruco denies that Judith Hirsch is entitled to the relief requested in the Claim for Funds and/or Counterclaim, and respectfully requests that this Court enter a judgment of dismissal with prejudice in its favor and against Judith Hirsch on claims and causes of the action against Pruco.

## COUNTERCLAIM AGAINST PRUCO FOR INTEREST

1. The allegations of paragraph 1 of the Counterclaim assert legal conclusions, to which no response is required and thus the allegations are denied.

2. The allegations of paragraph 2 of the Counterclaim assert legal conclusions, to which no response is required and thus the allegations are denied.

3. The allegations of paragraph 3 of the Counterclaim assert legal conclusions, to which no response is required and thus the allegations are denied.

4. To the extent the allegations of paragraph 4 of the Counterclaim are narrative or assert legal conclusions, no response thereto is required and the allegations are deemed denied. Pruco lacks sufficient knowledge or information to form a belief as to any remaining factual allegation regarding whether Judith Hirsch is entitled to anything under the Policy and further

states that it has submitted this issue to the Court via its Interpleader Complaint, the allegations of which are incorporated herein by reference.

**WHEREFORE**, Pruco denies that Judith Hirsch is entitled to the relief requested in the Claim for Funds and/or Counterclaim, and respectfully requests that this Court enter a judgment of dismissal with prejudice in its favor and against Judith Hirsch on claims and causes of the action against Pruco.

## AFFIRMATIVE DEFENSES

1. The Claim for Funds and/or Counterclaim fail to state a cause of action against Pruco upon which relief may be granted and, therefore, the Claim for Funds and/or Counterclaim are barred.

2. The Claim for Funds and/or Counterclaim may be barred by the terms, conditions, definitions, and other provisions of the insurance policy at issue.

3. The Claim for Funds and/or Counterclaim are barred to the extent Judith Hirsch lacks standing and the right to bring such claims or action.

4. In the event the Court orders Pruco to pay Judith Hirsch, Pruco will be exposed to double or multiple liability.

5. At all times herein, Pruco acted properly under legal and equitable principles and the provisions of the insurance policies at issue.

6. The Claim for Funds and/or Counterclaim are barred by statute of limitations, waiver, laches, unclean hands, estoppel, consent, and/or ratification.

7. The Claim for Funds and/or Counterclaim are barred because Pruco's actions were made in good faith, were reasonable, and based on substantial evidence.

8. Judith Hirsch has failed to satisfy conditions to establishing any rights under any insurance policy issued by Pruco.

9. Judith Hirsch's damages, if any, were caused by the acts of third persons.

10. Pruco has fully performed under the terms and conditions of the Policy and is ready, willing and able to deposit into the Registry of the Court the death benefit due under the Policy as a consequence of the Insured's death.

11. Prudential reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts discovered during the course of the proceedings.

**WHEREFORE**, Pruco denies that Judith Hirsch is entitled to the relief requested in the Claim for Funds and/or Counterclaim, and respectfully requests that this Court enter a judgment of dismissal with prejudice in its favor and against Judith Hirsch on claims and causes of the action against Pruco.

Submitted this 16th day of February, 2024

> By: /s/ *Ellen L. Ash*
> ELLEN L. ASH
> Georgia Bar No. 289670
> **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
> 365 Northridge Road, Suite 230
> Atlanta, GA  30350
> (770) 650-8737 x1971
> elen.ash@qpwblaw.com
> Counsel for Pruco Life Insurance Company

**UNITED STATES BANRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| In re: MASTER LENDING GROUP, LLC,<br><br>Debtor. | Case No. 23-40569<br><br>Chapter 7<br><br>Adv. Proc. No. 23-04021-EJC |
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,<br><br>Defendants. | **ANSWER TO JUDITH HIRSCH'S CLAIM FOR FUNDS AND COUNTERCLAIM AGAINST PRUCO LIFE INSURANCE COMPANY FOR INTEREST** |

I certify that the foregoing *Answer to Judith Hirsch's Claim for Funds and Counterclaim Against Pruco Life Insurance Company for Interest* was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Document under the Bankruptcy Court's Electronic Case Filing program as follows:

Natalie R. Rowland
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, SE Suite 200
Atlanta, Georgia 30339
Email: nrowland@taylorenglish.com

| | |
|---|---|
| JONES & WALDEN LLC<br>Leon S. Jones<br>699 Piedmont Avenue, NE<br>Atlanta, GA 30308<br>Email: ljones@joneswalden.com | Timothy D. Roberts<br>OLIVER MANER LLP<br>218 West State Street<br>Savannah, GA 31401<br>Email: troberts@olivermaner.com |

This 16th day of February, 2024

By: /s/ *Ellen L. Ash*
ELLEN L. ASH
Georgia Bar No. 289670
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
365 Northridge Road, Suite 230
Atlanta, GA  30350
(770) 650-8737 x1971
elen.ash@qpwblaw.com
Counsel for Pruco Life Insurance Company