### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>Debtor. | **CHAPTER 7**<br><br>**CASE NO. 23-40569-EJC** |
| **PRUCO LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,**<br><br>Defendants. | **Adv. Pro. No. 23-04021-EJC** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CROSSCLAIM

COMES NOW Judith Hirsch ("Mrs. Hirsch", "Cross-Defendant", or "Movant") and files this Memorandum of Law in Support of her Motion to Dismiss Crossclaim and respectfully shows this Court as follows:

### STATEMENT OF FACTS

**A.    Gregory Hirsch and the Policy**

Gregory Hirsch ("Mr. Hirsch") is the now-deceased husband of Mrs. Hirsch. On July 15, 2020, Mr. Hirsch purchased a life insurance policy in the amount of $5,000,000.00 from Pruco Life Insurance Company for the benefit of his wife, Mrs. Hirsch (Policy No. L7000224) (the "Policy"). Int. Compl. ¶¶ 10-11.

In August of 2021, Mr. Hirsch was diagnosed with Lou Gehrig's Disease, or ALS. On November 8, 2022, as a result of his progressing illness, Mr. Hirsch executed a designation of agent (the "Power of Attorney") naming Mrs. Hirsch as his agent.

On April 2, 2023, Mr. Hirsch executed a Request to Change Beneficiary on the Policy. Int. Compl. ¶ 12. Mr. Hirsch added LST Holdings, Ltd. ("LST") as an irrevocable beneficiary of Policy proceeds in the amount of $150,000.00. *Id.* Mr. Hirsch also reaffirmed his desire to have the remaining Policy proceeds, $4,850,00.00, as well as any premium reimbursement, inure to the benefit of Mrs. Hirsch. *Id.*

**B.        The Bankruptcy Case – 23-40569-EJC**

Mr. Hirsch was the 100% owner of Master Lending Group, LLC (the "Debtor" or "MLG"). Crossclaim ¶ 13. On July 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") (BK Doc. No. 1) for relief under Chapter 7 of Title 11 of United States Code (hereinafter the "Bankruptcy Code") commencing the above-styled case (the "Bankruptcy Case") (Bankruptcy Case docket entries hereinafter "BK Doc. No. __"). Debtor also filed its *Statement of Financial Affairs* ("SOFA") and *Schedules of Assets* ("Schedules"). BK Doc. No. 1.

Under the apparent authority granted in the Power of Attorney, Mrs. Hirsch, with the assistance of counsel, signed the Debtor's Petition, Financial Statements, and Schedules with the signature identified as "Gregory M. Hirsch (Via POA held by Judith Hirsch)." BK Doc. No. 1. The Schedules stated that the Debtor had assets totaling $6,070,100.00. *Id.* The Schedules stated that the Debtor's assets included, among other things, a $5,000,000.00 "unvested, equitable interest in Prudential Life Insurance Policy (Judith Hirsch, Beneficiary)." *Id.*

Subsequently, on June 17th, July 26th, and August 4th, 2023, Debtor's Counsel filed Amended Schedules adjusting Debtor's scheduled assets. All of these Amendments were filed

without the knowledge, consent, or signature of Mrs. Hirsch. Crossclaim ¶ 38. On August 3, 2023, Mr. Hirsch passed away, invalidating the Power of Attorney. Crossclaim ¶ 18.

### C.      The First Adversary Proceeding – 23-04013-EJC

On September 5, 2023, Tiffany E. Caron, as Chapter 7 Trustee in Debtor's Bankruptcy Case (the "Plaintiff" or "Trustee"), filed a complaint initiating an Adversary Proceeding (Case No. 23-04013) (the "Adversary Proceeding") (Adversary Proceeding docket entries hereinafter "AP Doc. No. __") against Mrs. Hirsch. AP Doc. No. 1. In the Adversary Proceeding, Plaintiff asserted claims against Mrs. Hirsch for (i) Determination of Validity, Priority and Extent of Liens and Interest, (ii) Turnover, (iii) Breach of Confidential Relationship and the Duty of Good Faith, (iv) Constructive Fraud, (v) Unjust Enrichment, (vi) Conversion (in the Alternative), and (vii) Constructive Trust. *Id.*

On October 6, 2023, Mrs. Hirsch filed a Motion to Dismiss the Adversary Proceeding (AP Doc. No. 7) and a Memorandum on Law in support thereof (AP Doc. No. 8) asserting that all of the Trustee's claims failed as a matter of law. On January 25, 2024, before the Court ruled on Mrs. Hirsch's Motion to Dismiss the Adversary Proceeding, the Trustee voluntarily dismissed her complaint. (AP Doc. No. 26).

### D.      The Interpleader – 23-04021-EJC

On December 28, 2023, Pruco Life Insurance Company ("Pruco") filed its complaint ("Interpleader Complaint") in this adversary proceeding (Case No. 23-04021-EJC) (the "Interpleader") (Interpleader docket entries hereinafter "Int. Doc. No. __") seeking to interplead the Policy proceeds into the Bankruptcy Court. Int. Doc. No. 1 ("Int. Compl."). In the Interpleader Complaint, Pruco explained that, on August 17, 2023, the Trustee sent a letter to Pruco claiming the Policy proceeds as property of the Bankruptcy Estate and directing Pruco to turn over the

3

proceeds to the Trustee. Int. Compl. ¶ 16. Subsequently, on or about August 25, 2023, Mrs. Hirsch submitted a Life Insurance Claim to Pruco and claimed entitlement to the remaining Policy proceeds. *Id.* at ¶ 17. As a consequence of these conflicting claims, Pruco filed the Interpleader.

**E.    The Crossclaim**

Along with an Answer to the Interpleader Complaint, the Trustee filed a crossclaim (the "Crossclaim") against Mrs. Hirsch. Int. Doc. No. 18. In the Crossclaim, the Trustee alleged (i) that Mrs. Hirsch wrongfully retained the proceeds of the Policy, (ii) that the Debtors' estate had a 100% equitable interest in the Policy proceeds, and (iii) that Mrs. Hirsch holds only bare legal title to the proceeds without any equitable interest.

The Trustee's Crossclaim attempts to state claims for the following:

> Cross-Count I – Breach of Confidential Relationship, Fiduciary Duty and Duty of Good Faith
> Cross-Count II – Unjust Enrichment
> Cross-Count III – Conversion
> Cross-Count IV – Breach of Contract as to Third-Party Beneficiary
> Cross-Count V – Constructive Trust
> Cross-Count VI – Resulting Trust
> Cross-Count VII – Determination of Validity, Priority and Extent of Liens and Interests
> Cross-Count VIII – Turnover

Crossclaim ¶¶ 53-111. All of the Trustee's claims fails as a matter of law. Therefore, this Court should dismiss the Crossclaim.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Legal Standards**

**1.**  *Fed. R. Civ. P. 8 – Pleading Standard*

Federal Rule of Civil Procedure 8(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008(a) (hereinafter the "Bankruptcy Rules"), provides that a plaintiff must provide at a minimum "a short and plain statement of the claim showing that the

pleader is entitled to relief." This requires a plaintiff to make factual allegations sufficient to provide the defendant with adequate notice of the claim "and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081, 1085 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007)). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009) (citing *Twombly*, 550 U.S. at 556). "Rule 8(a) requires parties to make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

**2.** *Motion to Dismiss Standard*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint if it fails to state a claim upon which relief may be granted. A complaint may be dismissed either because it lacks facts or it lacks a viable legal theory. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 550 F.3d 1276, 1282-83 (11th Cir. 2007). Where no construction of the factual allegations of a complaint will support the cause of action, dismissal is appropriate. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

When considering a motion to dismiss, the court "must accept petitioner's allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984). However, courts are not required to accept factual claims that are internally inconsistent, facts counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions. *Smedley v. Fulton Cty Sch. Dist.*, No. 1:09-CV-1715-HTW, 2011 U.S. Dist. LEXIS 164168, *3 (N.D. Ga. June 23, 2011). Mrs. Hirsch

vehemently disputes many of the facts alleged in the Trustee's Crossclaim. However, even assuming that the facts alleged are true[1], the Trustee still has not pled a valid legal claim against Mrs. Hirsch. As such, the Court should dismiss all of the Trustee's claims against Mrs. Hirsch.

**B.    Introduction**

Under Georgia law, life insurance proceeds "shall inure exclusively to the benefit of the person for whose use and benefit such insurance is *designated in the policy*, and the proceeds thereof shall be exempt from the claims of creditors of the insured." O.C.G.A. § 33-25-11 (emphasis added). The Trustee attempts to circumvent the well-known tenet of Georgia law that life insurance policy proceeds belong exclusively to the beneficiary named in the policy and are exempt from the claims of creditors of the insured.

It is well settled Georgia law that "the named beneficiary in a life insurance policy becomes vested with title to the insurance proceeds upon the death of the insured." *Aetna Life Ins. Co. v. Harley*, 365 F. Supp. 1210, 1214 (N.D. Ga. 1973). Mrs. Hirsch is the designated beneficiary on the Policy. Crossclaim ¶ 20. The Trustee admits that, as a result of Mrs. Hirsch's status as named beneficiary, Mrs. Hirsch holds legal title to the proceeds. Crossclaim ¶ 51. The Policy proceeds vested in Mrs. Hirsch upon the death of Mr. Hirsch. *See Aetna Life Ins. Co.*, 365 F. Supp. at 1214. The Trustee provides no valid legal argument as to why the Policy proceeds constitute property of the Bankruptcy Estate and thus this Court should dismiss the Crossclaim.

The Trustee largely bases the Bankruptcy Estate's claim to the Policy proceeds on the Schedules filed in the Bankruptcy Case. However, the Schedules have no legal significance as to whether the Policy proceeds are property of the Bankruptcy Estate. "[W]hat are 'properties of the

---

[1] For the purposes of this Motion, Mrs. Hirsch will treat all facts alleged in the Trustee's Crossclaim as true. However, this does not constitute an admission of any of the alleged facts.

6

estate' is not a matter to be determined with reference to the schedules filed by the Debtor and whether or not an item of property was scheduled by the Debtor." *In re Johnson*, 16 B.R. 193, 195 (Bankr. M.D. Fla. 1981). "[T]he fact that an item was scheduled by the Debtor as part of his assets obviously does not necessarily mean that the particular item is property of the estate." *Id.* Listing property as an asset on Bankruptcy Schedules does not create an otherwise non-existent property right. "[P]roperty scheduled by the debtor as part of its assets is not conclusive evidence that the property is includable in the debtors' estate." *In re C.C.L. Constr., Inc.*, 32 B.R. 693, 697 (Bankr. N.D. Ill. 1983). "Bankruptcy courts must still look to state law when determining the existence and nature of a debtor's interest in property; that is, whether a debtor has any legal or equitable interest in an item." *In re Vt. Real Estate Inv. Tr.*, 25 B.R. 813, 816 (Bankr. D. Vt. 1982). Therefore, what is listed on the Bankruptcy Schedules has no impact on the resolution of the ownership of the Policy proceeds. Whether the Policy was or is listed on the Schedules is irrelevant to determining the actual property interests in the Policy proceeds.

Under Georgia Law, the proceeds of a life insurance policy are governed by the terms of the contract between the insured and the insurance company. *See Smith v. Locomotive Eng'rs Mut. Life & Acci. Ins. Ass'n*, 138 Ga. 717, 76 S.E. 44 (1912). In *Loyd v. Loyd*, the Georgia Supreme Court upheld the right of the beneficiary named in a life insurance policy to collect the insurance proceeds from the policy. *Loyd v. Loyd*, 203 Ga. 775, 48 S.E.2d 365 (1948).

In *Loyd*, the insured, while unmarried, took out a life insurance policy and named his mother as beneficiary. *Id.* Subsequently, the insured married the plaintiff. *Id.* at 778. The plaintiff claimed that the insured induced her to marry him on the promise that he would make her the beneficiary of the policy. *Id.* When the insured died, the plaintiff alleged that "he had not carried out his express intention of changing the beneficiary" to the plaintiff. *Id.*

7

The court held that "[d]uring the life of the insured [the plaintiff] could have in equity required specific performance of the contract by the insured, or may have accepted the breach and have sued for damages." Nonetheless, the court held that upon the insured's death the policy proceeds vested in the named beneficiary and the court would not "require the mother to compensate the wife for such damage." *Id.* at 779-780. The court held that "mere intention will not suffice to work a change of beneficiary." *Id.* at 781.

Likewise, in the case at hand, the mere alleged intention of Mr. Hirsch is insufficient to deprive Mrs. Hirsch of the Policy proceeds. Mrs. Hirsch is entitled to the proceeds as a matter of law. If Mr. Hirsch wanted to change the beneficiary of the Policy to the Bankruptcy Estate, he could have done so. This is evidenced by the fact that Mr. Hirsch did himself change the beneficiary of the Policy a mere three months prior to the filing of the Bankruptcy Case. Int. Compl. ¶ 12.

The Trustee claims that it was Mr. Hirsch's intention for Mrs. Hirsch, as beneficiary of the Policy, to pay the proceeds of the Policy to the Bankruptcy Estate. However, even if the Trustee's claims are true, Mrs. Hirsch is not bound by the wishes of Mr. Hirsch. Any wish of Mr. Hirsch as to how Mrs. Hirsch would use the Policy proceeds was merely precatory and not binding on Mrs. Hirsch. As discussed in further detail below, in *Bennett v. Rosborough*, the Georgia Supreme Court refused to require the beneficiary of a life insurance policy to comply with the wishes of the insured when the insured wrote a letter to the beneficiary requesting that she use the proceeds to pay certain specified debts of his. *Bennett v. Rosborough*, 155 Ga. 265, 116 S.E. 788 (1923).

As shown below, all of the Trustee's cross-counts fail as a matter of law and, therefore, her Crossclaim should be dismissed.

C.     **All Counts of the Crossclaim Fail to State a Claim.**

When properly reviewed, each and every count of the Trustee's Crossclaim fails as a matter of law.

1.     **Cross-Count I - The Trustee lacks standing to bring an action for breach of a confidential relationship between Mr. and Mrs. Hirsch because Debtor is not a party to that relationship. Further, Mrs. Hirsch did not have a fiduciary relationship with Debtor.**

The Trustee lacks standing to bring a claim for breach of fiduciary duty based on the alleged fiduciary relationship between Mr. and Mrs. Hirsch because the Bankruptcy Estate was not a party to the relationship. In *Ford v. Reynolds*, the Georgia Court of Appeals held that a third party to a fiduciary relationship did not have standing to bring a claim of a breach of a fiduciary duty. *Ford v. Reynolds*, 315 Ga. App. 200, 726 S.E.2d 687 (2012). The facts of *Ford* are analogous to the case at hand. *Id.* The defendant, Reynolds, held power-of-attorney for the decedent, Mobley. *Id.* at 200. Several days before Mobley passed, Reynolds changed the beneficiary on Mobley's IRA account from Ford, the plaintiff, to Mobley's estate. *Id*. at 201. Upon learning she had been removed as beneficiary, Ford sued Reynolds for breach of her duty to Mobley under the power of attorney. Id. at 202. Ford claimed that "Reynolds breached her obligations to Mobley by using the power of attorney to defeat Mobley's gifts to Ford." *Id.* The court granted summary judgement to Reynolds and held that "Ford lacked standing to bring a claim against Reynolds for any duty Reynolds owed to Mobley." *Id.* Similarly, in the case at hand, the Trustee has no standing to bring a claim against Mrs. Hirsch for any duty she may have owed to Mr. Hirsch.

Further, the Trustee cannot base her claim on a duty owed by Mrs. Hirsch to Debtor because Mrs. Hirsch was not in a fiduciary relationship with Debtor. O.C.G.A. § 10-6B-40(b)(2) explains that an agent under a power of attorney only inherits the fiduciary powers and duties of the principal when they are "expressly and clearly identified in the power of attorney." In the power

of attorney, the principal must "specify the persons for which the principal acts as a fiduciary." If, as in this case, "the persons are not individuals, the principal shall specify only the estate, trust, or other legal or commercial entity for which the principal acts as a fiduciary." The Power of Attorney does not expressly and specifically identify any fiduciary relationship between Mr. Hirsch and Debtor. In fact, the Designation does not specifically reference Debtor at all. As a result, Mrs. Hirsch did not assume fiduciary powers in relation to Debtor.

The Trustee alleges that Mrs. Hirsch owed a duty to Debtor to act in good faith in carrying out Mr. Hirsch's directives. Crossclaim ¶ 57. This is incorrect. Mrs. Hirsch did not owe *Debtor* fiduciary duties in relation to handling Mr. Hirsch's personal financial affairs. Mrs. Hirsch's relationship with Mr. Hirsch and her acts on his behalf are completely separate from Debtor. Mrs. Hirsch did not owe Debtor a duty to obey the directives of her husband. In actuality, the Trustee is alleging that Mrs. Hirsch breached her duty to Mr. Hirsch, not Debtor. As discussed above, the Trustee lacks standing to bring a claim for a breach of any duty owed by Mrs. Hirsch to Mr. Hirsch. The Trustee should not be allowed to cloak her claim for breach of a fiduciary duty owed to Mr. Hirsch as a breach of a fiduciary duty owed to Debtor.

Finally, Mrs. Hirsch did not breach any duty to Mr. Hirsch. Mrs. Hirsch strongly disputes the Trustee's allegation that Mr. Hirsch ever directed her to designate Debtor as beneficiary on the policy. However, for the purposes of this motion, Mrs. Hirsch will treat the Trustee's unfounded allegation as true. Even if Mr. Hirsch had given such a directive, Mrs. Hirsch had no affirmative duty to act out every command of Mr. Hirsch simply because he executed a Power of Attorney naming her as his agent. Mrs. Hirsch would have been fully within her rights to refuse to exercise any of the powers granted in the Power of Attorney. Mrs. Hirsch was simply given the power to act as an agent, not appointed as a trustee. She did not agree to carry out every wish of Mr. Hirsch

10

or exercise every power granted in the Power of Attorney. "The mere existence of a power of attorney, without more, imposes no duty to exercise any of the powers which are conferred therein." *Estate of Nicely*, 1998 Phila. Ct. Com. Pl. LEXIS 11, *16. Rather, the Power of Attorney merely imposed a duty on Mrs. Hirsch to act with care in the use of whatever powers she chose to exercise. Mrs. Hirsch never changed the Policy beneficiary or engaged in any act that was contrary to the best interest of her husband, Mr. Hirsch. Thus, Mrs. Hirsch never breached any duty owed to Mr. Hirsch. Even if the Trustee had standing to bring a claim for breach of a fiduciary duty owed to Mr. Hirsch, she could not prevail on such a claim because Mrs. Hirsch breached no duty to Mr. Hirsch.

For all of the above reasons, the Court should dismiss the Trustee's claim for breach of fiduciary duty as set forth in Count I. The Trustee lacks standing to bring a claim for breach of any duty Mrs. Hirsch owed to Mr. Hirsch. Further, Mrs. Hirsch did not breach any duty owed to Mr. Hirsch. Mrs. Hirsch also did not owe fiduciary duties to Debtor. The Trustee cannot bring a claim against Mrs. Hirsch for breach of fiduciary duty.

> **2. Cross-Count II – The Trustee's Count II fails to state a claim for unjust enrichment because the Bankruptcy Estate did not confer a benefit on Mrs. Hirsch.**

The Trustee's Crossclaim fails to state a claim for Unjust Enrichment. The Georgia Supreme Court has held that "[u]njust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract. . ., but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136,

137, 508 S.E.2d 646, 648 (1998). The Georgia Court of Appeals explained that claims for unjust enrichment are

> premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred.

*Estate of Crook v. Foster*, 333 Ga. App. 36, 39, 775 S.E.2d 286, 289 (2015).

In short, a claim of unjust enrichment requires that the plaintiff must have conferred a benefit on the defendant. Here, the Bankruptcy Estate did not confer any benefit upon Mrs. Hirsch. Even more, the Trustee does not and cannot allege that the Bankruptcy Estate conferred any benefit upon Mrs. Hirsch with the expectation that it would be compensated for any such benefit. The Trustee cannot in good faith claim that the Bankruptcy Estate is entitled to compensation for a benefit it never provided, as is the nature of a claim for unjust enrichment.

In *Tiller v. State Farm*, the U.S. District Court for the Northern District of Georgia granted the defendant's motion to dismiss the plaintiffs' claim for unjust enrichment because the plaintiffs did not provide a benefit to the defendants. *Tiller v. State Farm Mut. Auto. Ins. Co.*, No. 1:12-CV-3432-TWT, 2013 U.S. Dist. LEXIS 15726 (N.D. Ga. Feb. 5, 2013). In *Tiller*, the plaintiffs' complaint alleged that the defendants were unjustly enriched by wrongfully retaining value that the plaintiff should have received. *Id.* The plaintiffs claimed that the retained value constituted a benefit from the plaintiff to the defendant, but the court rejected this argument. *Id*. The plaintiffs could not "claim unjust enrichment because they never gave the [d]efendants anything of value." *Id.* at *18. The *Tiller* court stated that "[t]he plaintiffs do not allege…that they conferred a benefit on the defendants — they only state that the defendants withheld something from the plaintiffs and the withholding was a benefit to the defendants." *Id.* at *19. The court opined that "[t]hese facts

do not fit the mold of unjust enrichment." *Id.* The court held that "[e]ven accepting as true the allegations,…the [p]laintiffs cannot state a claim for unjust enrichment because they did not themselves confer a benefit upon [the defendants]." *Id.* at *20. The plaintiffs' complaint did not allege any instance "where the [p]laintiffs conferred things of value to the [d]efendants." *Id.* Accordingly, the court dismissed the plaintiffs' claim for unjust enrichment. *Id.*

In the present case, the Bankruptcy Estate did not confer any benefit on Mrs. Hirsch. The Trustee's allegation that Mrs. Hirsch is receiving a benefit by retaining the Policy proceeds is insufficient to constitute a benefit conferred by the Bankruptcy Estate.

The Trustee attempts to allege that the Policy proceeds constitute a benefit conferred to Mrs. Hirsch by Debtor because "the Policy was purchased with funds directly from or traceable to Debtor's bank accounts." Crossclaim ¶ 66. Even if this were true, this "tracing argument" is insufficient as a matter of law to support a claim for unjust enrichment.

In *Speedway Motorsports, Inc. v. Pinnacle Bank*, the Georgia Court of Appeals held that "OCGA § 33-25-11 (a) precludes any claims in this case against the proceeds of the life insurance policy." *Speedway Motorsports, Inc. v. Pinnacle Bank*, 315 Ga. App. 320, 325, 727 S.E.2d 151, 156 (2012), cert. denied, No. S12C1329, 2013 Ga. LEXIS 50 (Ga. Jan. 7, 2013). In *Speedway*, the plaintiff attempted to assert a "tracing argument" to recover the proceeds of a life insurance policy. *Id.* The plaintiff alleged that the insured "used the proceeds of his fraud to purchase" a life insurance policy. *Id.* at 324. The insured subsequently died. *Id.* Speedway, the victim of the insured's fraud, asserted that the beneficiaries "were unjustly enriched by their receipt of the life insurance proceeds." *Id.* Speedway alleged that it was "equitably entitled to the proceeds of the policy, at least up to the amount of the premiums paid with funds that [the insured] acquired by his fraud. *Id.* The Georgia Court of Appeals rejected Speedway's argument and held that O.C.G.A.

§ 33-25-11 put the proceeds of the insurance policy out of the reach of Speedway as a matter of law. *Id.*

In reaching this determination, the Georgia Court of Appeals conducted a detailed analysis of the history of O.C.G.A. § 33-25-11. *Id.* The court began its analysis with the Code of 1910 which "provided that 'the assured may direct the money to be paid to his personal representative, or to his widow, or to his children, or to his assignee; and upon such direction given, and assented to by the insurer, no other person can defeat the same.'" *Speedway*, 315 Ga. App. at 326 (quoting Civil Code of 1910, § 2498). The court cited *Bennett v. Rosborough*, a Georgia Supreme Court case from 1923 where the "Supreme Court considered whether an employer might properly recover, by way of a constructive trust, the proceeds of insurance on the life of its employee, where the employee had embezzled funds from the employer and used them to pay the premiums on his life insurance." *Speedway*, 315 Ga. App. at 326. The court found that:

> Where the husband takes out a policy payable to his wife and does not change the beneficiary, creditors of the husband cannot in this State, in a contest with the wife, take the money, even though premiums might have been paid at a time when the husband was insolvent or with money which had been stolen from the creditors.

*Speedway*, 315 Ga. App. at 327 (quoting *Bennett v. Rosborough*, 155 Ga. 265, 272, 116 S.E. 788, 791 (1923)).

In 1933, ten years after *Bennett*, the Georgia General Assembly enacted a statute which gave "a 'creditor' the limited right to recover the amount of any premiums paid by the insured with intent to defraud the 'creditor.'" *Speedway*, 315 Ga. App. at 327 (citing Ga. L. 1933, p. 181, § 1). Nearly thirty years later, in 1960, "the General Assembly enacted a comprehensive insurance code, and in doing so, it repealed the 1933 statute, but it nevertheless carried forward the provisions of the 1933 statute about the limited extent to which a "creditor" could recover life insurance proceeds." *Id.* at 328. "The 1960 statute was amended in 1982, Ga. L. 1982, p. 3, § 33, and again

14

in 2006, Ga. L. 2006, p. 885, § 1, at which time the limited right of a creditor to recover the amount of premiums paid to defraud the creditor was abolished." *Id.* The Court of Appeals concluded that the statute, as written, O.C.G.A. § 33-25-11 precluded any claims against the policy proceeds, regardless of how the premiums for the policy were paid. *Id.* at 325.

Speedway argued that "such a construction of the statute effectively gives thieves and fraudsters an incentive to launder the proceeds of their wrongdoing through life insurance." *Id.* at 328-29. The Court of Appeals acknowledged that "it might do just that," but concluded that the General Assembly wrote the statute as it did to further the important policy interests, "including the policy interest in providing certainty for insurers about the persons to whom proceeds of policies should be paid, as well as the policy interest in ensuring that the beneficiaries of life insurance—for some of whom the life insurance proceeds may represent the only valuable asset that the insured has left for their care—promptly receive the proceeds of the policy." *Id.* at 329. The court held that "it is for the General Assembly, not appellate judges, to strike the difficult balance between competing policy interests" and affirmed the dismissal of Speedway's claims. *Id.*

Similarly, in the case at hand, the Trustee has failed to establish a plausible claim for unjust enrichment under Georgia law. As such, the Court should dismiss the Trustee's claim for unjust enrichment.

### 3. Cross-Count III –Trustee's Count III fails to state a claim for conversion because the Bankruptcy Estate does not have a property interest in the Policy proceeds.

Count III of the Trustee's Crossclaim asserts a claim for conversion. Under Georgia law, conversion is a "distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it." *Md. Casualty Ins. Co. v. Welchel*, 257 Ga. 259, 261, 356 S.E.2d 877, 880 (1987). "In order to establish a claim for conversion, the complaining party must show

(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Internal Med. All., LLC v. Budell*, 290 Ga. App. 231, 239, 659 S.E.2d 668, 675 (2008).

The Bankruptcy Estate is not the legal owner of the Policy proceeds and thus cannot state a claim for conversion. Under O.C.G.A. § 33-25-11, life insurance policies "shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy." Mrs. Hirsch is the named beneficiary on the Policy and is therefore, under Georgia law, the legal owner of the Policy proceeds. *See Loyd v. Loyd*, 203 Ga. 775, 779 (1948).

The court in *Gratchev v. Gratchev* considered whether a purported equitable interest is sufficient to state a claim for conversion and decided it is not.

> The property allegedly converted by [the defendant] was titled in his name; [The plaintiff] cannot establish that he is the "rightful owner" of the property. [The plaintiff] may have an equitable interest in the property and has raised claims in equity of constructive fraud and unjust enrichment. But [the defendant] is the legal owner of the property. [The plaintiff] cannot maintain a claim for conversion of property he does not own.

*Igor Ivanovich Gratchev v. Maxime Igorovich Gratchev*, No. 20-60022-CIV-SINGHAL, 2021 U.S. Dist. LEXIS 260238, at *11 (S.D. Fla. Jan. 25, 2021). The Bankruptcy Estate is not the legal owner of the Policy proceeds. Therefore, the Trustee fails to state a claim for conversion.

Further, the Trustee also cannot meet the second element of a claim for conversion because the proceeds are not and have never been in the *actual possession* of Mrs. Hirsch, as required for a claim of conversion. *See Internal Med. All., LLC v. Budell*, 290 Ga. App. at 239. The Trustee also cannot state a claim for conversion of an intangible interest in the proceeds of the Policy. [A]n action for conversion will lie only for appropriation of discrete physical things. *Faircloth v. A. L. Williams & Assocs.*, 206 Ga. App. 764, 766-67, 426 S.E.2d 601, 604 (1992). Conversion is not available as a cause of action with regard to intangible property interests that have not been merged

16

into a document. *Internal Med. All., LLC v. Budell*, 290 Ga. App. at 239 (explaining a check or other negotiable instruments can be converted, but a right to payment could not). Thus, an action for conversion is inappropriate in this case because an intangible interest, such as a right to payment of the Policy proceeds, cannot be converted. *See Id.*

Thus, for all of the reasons laid out above, the Trustee's Crossclaim fails to state a claim for conversion. The Court should dismiss Cross-Count III.

### 4. Cross-Count IV – Count IV fails to state a claim upon which relief can be granted because no contract existed between Mr. and Mrs. Hirsch.

Count IV of the Trustee's Crossclaim asserts a breach of contract claim as to an alleged third-party beneficiary. The Trustee alleges that Mr. Hirsch's execution of the power of attorney created a "contractual relationship" between Mr. and Mrs. Hirsch and that the Trustee was the third-party beneficiary to that contract. Crossclaim ¶ 80. The Trustee alleges that Mrs. Hirsch's actions "have resulted in a breach of contract respecting Debtor as third-party beneficiary." *Id.* at ¶ 82. This claim is all together incoherent.

First, no contract existed between Mr. and Mrs. Hirsch. O.C.G.A. § 13-3-1 states that "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." In the present case, the Trustee does not allege that Mr. Hirsch provided any consideration to Mrs. Hirsch in exchange for his designation of Mrs. Hirsch as his power of attorney. Therefore, the trustee has failed to establish the existence of a valid contract. Mrs. Hirsch received no benefit in exchange for Mr. Hirsch designating her under the Power of Attorney. The powers themselves are not a benefit but rather a liability. This is evidenced by the fact that Mrs. Hirsch is prohibited from using the powers to her own benefit. This is insufficient to constitute consideration. *See Smith v. Wachovia Bank, N.A.*, 33 So. 3d 1191 (Ala. 2009) (A husband's grant

17

of a power of attorney to his wife did not create a contractual relationship because there was no consideration.). The Trustee cannot bring a breach of contract claim as to the Power of Attorney because it was not a valid contract.

Further, even if the Power of Attorney were a contract, nowhere in the Power of Attorney did Mrs. Hirsch agree to change the beneficiary on the Policy. The Trustee alleges Mrs. Hirsch breached the power of attorney by failing to perform an obligation that was not required under the Power of Attorney. Mrs. Hirsch was not required under the Power of Attorney to change the beneficiary. Thus, Mrs. Hirsch has not breached the Power of Attorney.

Finally, Debtor is not a third-party beneficiary to the Power of Attorney and does not have standing to bring a claim for breach of the Power of Attorney. Under Georgia law, "one not in privity of contract with another lacks standing to assert any claims arising from violations of the contract." *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 828, 714 S.E.2d 388, 391 (2011). One exception to this general rule is a third-party beneficiary contract. *Id.* "A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person." *Id.* "A third party has standing to enforce that type of contract if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient." *Id.* Thus, "a third-party beneficiary may be created only by the express terms of the contract." *Id.*

The Power of Attorney was for the benefit of Mr. Hirsch, not Debtor. The Trustee does not allege that the Debtor was even referenced in the Power of Attorney. The mere fact that Debtor possibly could have incidentally benefited in some way from Mrs. Hirsch's performance under the Power of Attorney is insufficient to establish Debtor as an intended third-party beneficiary. The fact that Mr. Hirsch changed the Policy but still designated Mrs. Hirsch as the primary beneficiary

18

after he had executed the Power of Attorney evidences that he did not grant Mrs. Hirsch the Power of Attorney so that she could change the Policy beneficiary in order to benefit Debtor. If this were the case, Mr. Hirsch would have made Debtor the Policy beneficiary in April of 2023 when he executed the change of beneficiary to add LST.

For these reasons, this Court should dismiss the Trustee's claim for breach of a contract as to a third-party beneficiary. The Power of Attorney is not a contract because Mrs. Hirsch did not receive any consideration. Even if it were a contract, Mrs. Hirsch was not obligated under the Power of Attorney to change the beneficiary. And finally, Debtor was not an intended beneficiary of the Power of Attorney and thus lacks standing to bring a claim for breach of contract.

### 5. Cross-Count V – Count V fails to state a claim because a constructive trust is a remedy and not an independent cause of action.

Count V of the Trustee's Crossclaim is titled "Constructive Trust" and requests the imposition of a constructive trust. Under Georgia law, "[a] constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132(a). However, constructive trust is not a cause of action. It is merely a remedy. Because the Trustee holds no valid claim that would support imposition of a constructive trust as a remedy, the Court should dismiss Count V of the Crossclaim.

The District Court for the Northern District of Georgia has held that, "[a]s correctly pled…the imposition of a constructive trust is not a separate cause of action but a remedy to prevent unjust enrichment." *Arcturus Int'l LLC v. Geller-Stoff*, No. 1:21-CV-5155-TWT, 2022 U.S. Dist. LEXIS 159538, *30 (N.D. Ga. Sep. 2, 2022). Likewise, the Georgia Supreme Court held that "constructive trust is a remedial device created by a court of equity in order to prevent unjust enrichment." *Lee v. Lee*, 260 Ga. 356, 357, 392 S.E.2d 870, 871 (1990). A constructive trust

19

"is not an independent cause of action…, but a device by which property might be recovered if [an] unjust enrichment claim were to prevail." *St. Paul Mercury Ins. Co.*, 270 Ga. at 137.

As discussed above, the Trustee failed to state a claim for unjust enrichment. Thus, her argument that a constructive trust should be imposed on the Policy proceeds is untenable.

The Trustee seems to request the imposition of a constructive trust based on her allegations that Mr. Hirsch intended for the Policy proceeds to be distributed to the Bankruptcy Estate. Even accepting these allegations of Mr. Hirsch's intent as true, "[a] constructive trust arises not from the intent of the parties, but by equity." *Aetna Life Ins. Co. v. Weekes*, 241 Ga. 169, 172, 244 S.E.2d 46, 48 (1978). Intent alone, without unjust enrichment, is an insufficient ground for the imposition of a constructive trust.

In *Bennett v. Rosborough*, the Supreme Court of Georgia addressed a request for a constructive trust under circumstances that are analogous to the Trustee's allegations here. *Bennett*, 155 Ga. 265 (1923). The Court in *Bennett* refused to impose a constructive trust where the insured intended the policy proceeds to be used to pay creditors. *Id.* In *Bennett*, the deceased wrote a letter to his wife the day before his death expressing his intent for her to use the proceeds of his life insurance policy to pay his creditors. *Id.* at 270. The letter stated as follows:

> I have life-insurance amounting to $ 94,000. I wish and request that you will from such insurance pay Mr. Hatch $ 2500 I owe him, the Merchants Bank my portion of the debt of the American Ice Cream Company, for which Inman Curry and I are liable, retain $ 25,000, and pay over the balance to help pay the depositors of the Merchants Bank.

*Id.* Despite the insured's clear expression of his intent for the proceeds of the policy, the Supreme Court of Georgia held that the creditors had no interest, legal or equitable, in the policy proceeds and refused to impose a constructive trust. *Id.* at 274.

As noted above, the Trustee's "constructive trust" claim in Count V does not state an independent cause of action under Georgia law. The Trustee failed to state a claim for unjust enrichment and thus holds no valid claim sufficient to impose a constructive trust as a remedy. Moreover, the Georgia Supreme Court has held that constructive trust is not an appropriate remedy under similarly alleged facts. The alleged intent of Mr. Hirsch is insufficient to support the Trustee's claim for the imposition of a constructive trust.

The Trustee also asserts a constructive trust should be imposed on the Policy proceeds because it would be inequitable to allow Mrs. Hirsch "to retain the benefit of the proceeds of the Policy, given that the Policy was purchased with funds directly from or traceable to Debtor's bank account(s)." As discussed in detail above, this "tracing argument" has been extensively considered and rejected by Georgia Courts. *See Speedway,* 315 Ga. App. 320.  The Court should dismiss Cross-Count V because it is not an independent cause of action and the Trustee has failed to state a claim to support the remedy of a constructive trust.

### 6. Cross-Count VI – Trustee's Claim for a Resulting Trust Fails.

Count VI of the Trustee's Crossclaim attempts to state a claim for a resulting trust. The Trustee cites a case out of the Bankruptcy Court for the District of Massachusetts for law on the creation of a resulting trust. Crossclaim ¶ 98. However, as discussed above, property interests are determined with reference to state law. *In re Vt. Real Estate Inv. Tr.*, 25 B.R. 813, 816 (Bankr. D. Vt. 1982) ("Bankruptcy courts must still look to state law when determining the existence and nature of a debtor's interest in property; that is, whether a debtor has any legal or equitable interest in an item."); see also *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L.Ed.2d 136, 141-42 (1979) ("Property interests are created and defined by state law."). The case cited by the Trustee expressly states that "[t]o determine what interest a debtor holds in property at the

commencement of a case, courts must look to state law." *Lassman v. McQuillan (In re Charles River Press Litho., Inc.)*, 338 B.R. 148, 157 (Bankr. D. Mass. 2006). Further, in the cited case, the court specifically states that "the applicable law is that of the Commonwealth of Massachusetts." *Id.* Thus, the Massachusetts's law cited by the Trustee is inapplicable to the case at hand.

This Court must look to Georgia law to determine whether a resulting trust should arise in the present case. O.C.G.A. § 53-12-130 expressly states the circumstances under which a resulting trust may arise.

> A resulting trust is a trust implied for the benefit of the settlor or the settlor's successors in interest when it is determined that the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest in the property under any of the following circumstances:
>
> (1) A trust is created but fails, in whole or in part, for any reason;
> (2) A trust is fully performed without exhausting all the trust property; or
> (3) A purchase money resulting trust as defined in subsection (a) of Code Section 53-12-131 is established.

O.C.G.A. § 53-12-130. Thus, under Georgia law, "[a]n implied resulting trust can arise under three circumstances: (1) an express trust is created but fails for any reason; (2) a trust is fully performed without exhausting all of the trust property; and (3) a purchase money resulting trust is established." *Edwards v. Edwards*, 267 Ga. 780, 781, 482 S.E.2d 701, 702 (1997). The trustee has not and cannot establish facts sufficient to support a finding that a resulting trust was created pursuant to any of these three potential circumstances.

First, the Trustee has presented no evidence that an express trust was created. Pursuant to O.C.G.A. § 53-12-20, an express trust must be in writing and signed by the settlor. The writing must identify with reasonable certainty: "(1) [a]n intention by a settlor to create such trust; (2) [t]rust property; (3)…a beneficiary who is reasonably ascertainable at the time of the creation of such trust or reasonably ascertainable within the period of the rule against perpetuities; (4) [a]

22

trustee; and (5) [t]rustee duties specified in writing or provided by law." O.C.G.A. § 53-12-20(b). It is undisputable that no such express trust document exists and for that reason, the Trustee cannot claim that a resulting trust arose pursuant to O.C.G.A. § 53-12-130(1).

Second, it is indisputable that a trust has not been "fully performed without exhausting all the trust property." O.C.G.A. § 53-12-130(2). No trust existed, much less has been fully performed. Thus, the Trustee cannot claim that a resulting trust arose pursuant to O.C.G.A. § 53-12-130(2).

Third, the Trustee provides no allegations to support the conclusion that a purchase money resulting trust was established. "A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property." O.C.G.A. § 53-12-131(a). The Bankruptcy Estate, as the party claiming the benefit, did not pay "consideration for legal title of the property to be transferred to [Mrs. Hirsch]." *Edwards v. Edwards*, 267 Ga. 780, 781, 482 S.E.2d 701, 702 (1997). Thus, the Trustee cannot claim a purchase money resulting trust arose**.**

As the Trustee has failed to sufficiently allege a resulting trust pursuant to any of the three enumerated statutory circumstances, Cross-Count VI must be dismissed for failure to state a claim.

7. **Cross-Count VII –Count VII fails to state a claim upon which relief may be granted because Bankruptcy Rule 7001 does not create an independent cause of action.**

Count VII of the Trustee's Crossclaim fails to state a claim because the Trustee has failed to plead a cause of action. Count VII alleges that the "proceeds of the Policy constitute property of the Bankruptcy Estate based on Mr. Hirsch's explicit statement to Cross-Defendant that the entirety of the Policy proceeds belonged to the Debtor for the benefit of the Bankruptcy Estate and also that, on information and belief, Mr. Hirsch took affirmative steps to have the beneficiary designation of the Policy changed to the Debtor." Crossclaim ¶ 107. The Trustee states her claim

pursuant to 11 U.S.C. § 541(a)(1) and Rule 7001(2). Crossclaim ¶ 109. Cross-Count VII does not

state "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Count VII fails to identify a valid cause of action. Rule 7001(2) does not give rise to a

cause of action. Bankruptcy Rule 7001(2) simply states that "a proceeding to determine the

validity, priority, or extent of a lien or other interest in property" is an adversary proceeding. "Rule

7001 is a procedural rule and does not provide a substantive basis for relief." *Day v. Agricenter*

*Int'l, Inc. (In re Butcher Shop of Cordova, LLC)*, Nos. 21-22100-L, 22-00080, 2022 Bankr. LEXIS

3086, at *7 n.1 (Bankr. W.D. Tenn. Oct. 26, 2022). A request for the court to determine ownership

of certain property pursuant to Bankruptcy Rule 7001 is a request pursuant to "a procedural rule

which itself does not provide grounds for a cause of action." See *Bailey v. Amaro (In re Amaro)*,

No. 20-96021, 2020 Bankr. LEXIS 2399 (Bankr. N.D. Ill. Sep. 11, 2020 (citing *United Student*

*Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S. Ct. 1367, 1378, 176 L.Ed.2d 158, 170

(2010)). The court in *In re Amaro* held that the plaintiff's claim pursuant to Bankruptcy Rule 7001

"manifestly fail[ed] to describe an actionable claim" and "therefore, must be dismissed."

Further, Section 541(a) simply states that the bankruptcy estate is comprised of "[a]ll legal

or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §

541(a)(1). The issue in this case is not whether a property interest of Debtor is property of the

Bankruptcy Estate. Rather, the issue is whether Debtor ever had a property interest in the proceeds

of the Policy at all. If Debtor had a property interest in the Policy proceeds, that interest would

undoubtably become part of the Bankruptcy Estate. However, Debtor held no such interest. By

pleading pursuant to Section 541(a)(1), the Trustee misunderstands the subtle distinction between

"[w]hether a debtor's interest constitutes 'property of the estate,'" which "is a federal question"

governed by Section 541, and whether the debtor has a property interest at all, which is governed

24

by state law. *Bell-Tel Fed. Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350, 1353, 15 Fla. L. Weekly Fed. C 632 (11th Cir. 2002).

"Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L.Ed.2d 136, 141-42 (1979). Section 541(a)(1) does not govern whether Debtor had a property interest in the Policy proceeds. *Bell v. Instant Car Title Loans (In re Bell)*, 279 B.R. 890, 895 (Bankr. N.D. Ga. 2002) ("Whether a debtor has a 'legal or equitable interest' in property for purposes of § 541(a)(1) is determined by reference to state law."). The ownership of the Policy proceeds is governed by Georgia law, which states "whenever any person residing in the state shall die leaving insurance on his or her life, such insurance shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy[.]" O.C.G.A. § 33-25-11(a). Section 541 of the Bankruptcy Code is wholly irrelevant to the determination of whether the Debtor has a "legal or equitable interest" in the Policy proceeds under Georgia law.

To state a claim to the Policy proceeds, the Trustee must successfully plead a cause of action under Georgia law which is plausible on its face. All of the Trustee's state law claims fails to state a claim as a matter of law. Because the Trustee has failed to state a claim upon which relief may be granted, Cross-Count VII should be dismissed.

8. **Cross-Count VIII –Count VIII fails to state a claim upon which relief may be granted because turnover actions under Bankruptcy Code § 542 are limited to recovering property that is indisputably part of the bankruptcy estate.**

A turnover claim under Bankruptcy Code § 542 is designed to allow a trustee to recover an asset of the estate held by another. *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652 (Bankr. N.D. Ga. 2017). "[A] turnover action is not the appropriate tool for acquiring the right to use or possess property if the debtor's right to use or possess the property is subject to dispute." *Id.*

"Turnover is not intended as a remedy to determine disputed rights of parties to property." *In re Suncoast Towers S. Assocs. v. Menada, INC.*, Chapter 11, Bankruptcy No. 98-10537-BKC-AJC, Adversary No. 98-1451-BKC-AJC-A, 1999 Bankr. LEXIS 770, at *30 (Bankr. S.D. Fla. June 17, 1999).

Count VIII states that, "to the extent the Court determines that the Policy proceeds constitute property of the Bankruptcy Estate, the Policy proceeds are subject to turnover by Cross-Defendant…pursuant to 11 U.S.C. § 542." Count VIII is intrinsically tied to the state law claims because the request for turnover requires a determination under Georgia law that the policy proceeds are property of the Bankruptcy Estate. Because all of the Trustee's state law claims fail as a matter of law, Count VIII must also be dismissed. The Trustee is unable to plead a claim to the Policy proceeds that is plausible on its face and as a result, the Trustee's request for the turnover of the of the Policy proceeds must be dismissed.

As set forth in this Brief, all the Trustee's claims fail.

## CONCLUSION

The Trustee has failed to state a claim under any of the Cross-Counts alleged in her Crossclaim. As such, the Court should dismiss all of the Counts of the Trustee's Crossclaim.

Respectfully submitted this 1st day of March, 2024.

**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Attorney for Judith Hirsch
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| IN RE: | **CHAPTER 7** |
| **MASTER LENDING GROUP, LLC,** | |
| Debtor. | **CASE NO. 23-40569-EJC** |

| | |
|---|---|
| **PRUCO LIFE INSURANCE COMPANY,** | |
| Plaintiff, | **Adv. Pro. No. 23-04021-EJC** |
| v. | |
| **JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that the foregoing *Memorandum of Law in Support of Motion to Dismiss* (the "Memorandum") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Memorandum to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Ellen Louise Ash**    ellen.ash@qpwblaw.com
- **John K. Rezac**    jrezac@taylorenglish.com
- **Timothy D. Roberts**    troberts@olivermaner.com
- **Natalie Rowland**    nrowland@taylorenglish.com
- **Christopher Brent Wardrop**    justin.plean@qpwblaw.com

This 1st day of March, 2024.

**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
*Attorney for Judith Hirsch*
699 Piedmont Avenue, NE, Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com