**IT IS ORDERED as set forth below:**

**Date: March 7, 2024**



Edward J. Coleman III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia

___

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| In re: MASTER LENDING GROUP, LLC, | Case No. 23-40569-EJC |
| Debtor. | Chapter 7 |
| PRUCO LIFE INSURANCE COMPANY, | Adv. Proc. No. 23-04021-EJC |
| Plaintiff, | |
| v. | |
| JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC, | |
| Defendants. | |

**CONSENT ORDER**

The above entitled cause having come before the Court upon the Motion of Pruco Life Insurance Company (hereinafter "Pruco") for entry of an Order granting interpleader relief,

including: (1) directing Pruco to deposit certain life insurance proceeds in the amount of $4,853,628.97 ("Remaining Death Benefit") plus applicable claim interest, due as a consequence of the death of Gregory Hirsch, under individual life insurance policy number L7000224 ("Policy"); (2) enjoining Defendants, Judith Hirsch and Tiffany Caron, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC (collectively, "Adverse Claimants") from instituting any action against Pruco regarding the Policy and/or the Remaining Death Benefit; and (3) discharging Pruco from any and all liability with regard to the Policy and/or the Remaining Death Benefit; and (4) dismissing Pruco with prejudice from this action; and the Court having considered the motion:

**NOW THEREFORE,** it is **ORDERED** as follows:

1. Pruco's Motion for Interpleader Relief is **GRANTED**.

2. Within thirty (30) days of the date of this Order, Pruco shall deposit with the Clerk of this Court the Remaining Death Benefit; to wit, $4,853,628.97, together with applicable claim interest.[1]

3. These funds shall be deposited by the Clerk into the Registry of this Court as soon as the business of the office allows, and the Clerk shall deposit these funds into an interest-bearing account. Pursuant to L.R. 67.3, the Clerk of Court is directed to deduct a fee from the deposited funds in the amount of 10% of the income earned. This fee shall be collected at the time the Clerk of Court makes any distribution of funds pursuant to a valid order of this Court, and without the necessity of any further Order of this Court.

4. Upon deposit of the Remaining Death Benefit, Pruco shall be, and hereby is, discharged from any and all liability to the Adverse Claimants relating to or arising out of the

---

[1] Pruco has represented that the accumulated claim interest as of March 1, 2024, is $288,130.83 and that additional claim interest will be added up to the date Pruco issues its check for the Remaining Death Benefits.

Policy and/or the Remaining Death Benefit, and all claims, rights, interests and actions that the Adverse Claimants might otherwise have held against Pruco and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Policy and/or the Remaining Death Benefit are hereby released.

5. The Adverse Claimants are each permanently restrained and enjoined from instituting and/or prosecuting any suit, causes of action or civil proceedings in any forum, or making any further action or implied claims, demands, and/or causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any proceeding in any forum, against Pruco arising out of, in connection with or relating to the Policy and/or the Remaining Death Benefit due thereunder.

6. All claims against Pruco, including any counterclaims asserted or which could have been asserted as against Pruco are hereby dismissed with prejudice, and Pruco is hereby dismissed with prejudice and without costs from this litigation.

7. The Court shall retain jurisdiction in this action for purposes of determining the rights of the Adverse Claimants to the money to be paid into Court by Pruco in accordance herewith.

**[END OF ORDER]**

*Consented to by:*
**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
*Attorney for Judith Hirsch*

*Prepared and Consented to by:*
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
*/s/ Ellen Louise Ash*
Ellen Louise Ash
Georgia Bar No. 289670
365 Northridge Road, Suite 230
Atlanta, GA 30350
770-650-8737
ellen.ash@qpwblaw.com
*Attorney for Pruco Life Insurance Company*

*Consented to by:*
**TAYLOR ENGLISH DUMA, LLP**
*/s/ John K. Rezac*
John K. Rezac
Georgia Bar No. 601935
1600 Parkwood Circle, SE
Suite 200
Atlanta, Georgia 30339
(770) 434-6868
jrezac@taylorenglish.com
*Attorney for Chapter 7 Trustee*