IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-40569-EJC |
| | : | |
| MASTER LENDING GROUP, LLC, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| PRUCO LIFE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adv. Pro. No. 23-04021-EJC |
| | : | |
| JUDITH HIRSCH, individually, | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| | : | |
| TIFFANY CARON, solely in her capacity as | : | |
| Chapter 7 Trustee for the bankruptcy estate | : | |
| of Master Lending Group, LLC, | : | |
| | : | |
| Defendant/Cross-Claimant. | : | |

**RESPONSE OF TIFFANY E. CARON, CHAPTER 7 TRUSTEE, IN
OPPOSITION TO MOTION TO DISMISS CROSSCLAIM**

Cross-Claimant Tiffany E. Caron, solely in her capacity as Chapter 7 Trustee

(the "**Trustee**") for the bankruptcy estate of Master Lending Group, LLC

("**Debtor**"), files her response in opposition to the *Motion to Dismiss* of Cross-

Defendant Judith Hirsch ("**Hirsch**") [Doc. No. 28] (the "**Hirsch Motion**"). The

Trustee has properly and adequately stated the Bankruptcy Estate's claims against

Hirsch, and requests the Court deny the Hirsch Motion in its entirety.

**Legal Standard for Motions to Dismiss.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable in this Adversary Proceeding by Fed. R. Bankr. P. 7012(b), challenges the sufficiency of the claims set out in a plaintiff's pleadings. Rule 12(b)(6) is not intended to be a difficult hurdle to clear.  To survive such a motion, a plaintiff must plead only enough facts to "nudge [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010) (holding that plaintiff need not prove his case on the pleadings; rather plaintiff "must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim").

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Speaker*, 623 F.3d at 1380 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *Paws Holdings v. Daikin Indus.*, No. CV 116-058, 2017 U.S. Dist. LEXIS 24684, at *9-10 (S.D. Ga. Feb. 22, 2017) (citing *Belanger v.*

2

*Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).   Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Speaker*, 623 F.3d at 1380 (quoting *Twombly*, 550 U.S. at 570).   "The issue [on a motion to dismiss] is not whether the [plaintiff] will ultimately prevail" but whether the plaintiff is entitled to offer evidence to support her claims. *Skinner v. Switzer*, 562 U.S. 521, 529-30, 131 S. Ct. 1289, 1296 (2011); *S. Entm't TV, Inc. v. Comcast Corp.*, 270 F. App'x 747, 748 (11th Cir. 2008) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).   Thus, dismissal is appropriate *only* if it is clear beyond doubt that the plaintiff "can prove no set of facts in support of the claims in the complaint." *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1316 (11th Cir. 2018).

The Trustee has more than adequately pleaded her claims against Hirsch. Hirsch accepted legal obligations under the POA. Those obligations ran not only to Mr. Hirsch, but to Debtor, as well. Hirsch violated her fiduciary duty and contractual obligations to Debtor when she failed to implement Mr. Hirsch's express directive that Debtor be the beneficiary under the Policy. Absent the Trustee's action to protect the rights of the Bankruptcy Estate, the Estate will be harmed and will suffer damages in excess of $4.8 million.

For the benefit of the Bankruptcy Estate, the Trustee is entitled to the opportunity to offer evidence at trial to support her claims and have those claims decided on the merits. The Court should deny the Hirsch Motion.

**Brief Summary of the Facts[1]**

Debtor, a sole member LLC whose owner was Gregory M. Hirsch ("**Mr. Hirsch**"), filed its bankruptcy case on July 6, 2023.  Mr. Hirsch previously executed a power of attorney ("**POA**") naming Hirsch as his agent and attorney-in-fact. The POA granted Hirsch full authority to control Debtor and to handle Mr. Hirsch's business affairs and assets.  Hirsch accepted and exercised the authority granted her under the POA. This included signing and authorizing the filing of Debtor's Voluntary Petition and Sworn Statements and Schedules.

Mr. Hirsch died due to complications related to his disease on August 3, 2023. Prior to his death, Mr. Hirsch purchased a life insurance policy from Pruco Life Insurance Company ("**Pruco**") in the amount of $5,000,000.00 (the "**Policy**"). While Hirsch was named as the beneficiary of the Policy, Mr. Hirsch repeatedly instructed Hirsch that Debtor was to be the designated Policy beneficiary.

Hirsch has admitted her contemporaneous knowledge of Mr. Hirsch's wishes and instructions regarding Debtor's designation as beneficiary, testifying under oath at Debtor's Creditors' Meeting that Mr. Hirsch's unequivocal directive

---

[1] The Trustee incorporates herein her factual allegations in the Crossclaim.

4

to her was that the Policy proceeds be paid to Debtor for the benefit of the Bankruptcy Estate.

Hirsch failed to carry out Mr. Hirsch's desire and instruction that Debtor be the designated beneficiary under the Policy. Hirsch now asserts that she should be the beneficiary and recipient of the Policy proceeds.

The Trustee brings this Crossclaim for the benefit of Debtor's Bankruptcy Estate. The Trustee has properly pleaded her claims against Hirsch, and respectfully requests that the Court deny the Hirsch Motion.

## Cross-Count I. Hirsch violated her confidential relationship, fiduciary duty, and duty of good faith _to Debtor_.

Hirsch attempts to misdirect the Court with her argument that "the Trustee lacks standing to bring an action for breach of confidential relationship between Mr. and Mrs. Hirsch." _See_ Hirsch Motion, p. 9. The Trustee's Cross-Count I does not rely on the fact that Hirsch in fact breached her confidential relationship <u>with Mr. Hirsch</u>. Rather, the Trustee's Cross-Count I focuses on Hirsch's willing acceptance of a confidential, fiduciary relationship <u>with Debtor</u> and her breach of <u>that</u> duty.

As further misdirection, Hirsch argues that O.C.G.A. § 10-6B-40(b)(2) requires as a prerequisite to Hirsch's assumption of a fiduciary duty to Debtor, that the POA expressly identify Debtor. _See_ Hirsch Motion, p. 9. This argument ignores the statutory exception made for the provisions of O.C.G.A. § 10-6B-48(14) found at

O.C.G.A. § 10-6B-40(a)(1)(g).  O.C.G.A. § 10-6B-48 provides in part, "Subject to the terms of a document or an agreement governing an entity or an entity ownership interest, and unless the power of attorney otherwise provides, language in a power of attorney granting *general authority with respect to operation of an entity or business* shall authorize the agent to . . . (14) *Exercise the principal's fiduciary powers associated with an ownership interest*." O.C.G.A. § 10-6B-48(14) (emphasis added).

The POA grants Hirsch the authority generally to act for Mr. Hirsch with respect to his "Operation of entity or business," and specifically to "Exercise fiduciary powers that the principal has authority to delegate." POA, pp. 1-2. To conclude that Hirsch knowingly accepted the authority to act on behalf of Debtor, the Court need look no further than the Voluntary Petition filed on behalf of Debtor at the direction and under the authority of Hirsch. [*See* Doc. No. 1].

If there is any question whether Hirsch was granted and knowingly accepted the authority to exercise Mr. Hirsch's fiduciary powers respecting Debtor, that question is answered in the affirmative by Hirsch's actual exercise of those fiduciary powers. Hirsch understood the power granted her by Mr. Hirsch through the POA and otherwise to act in a fiduciary capacity as to Debtor. She put Debtor into bankruptcy and signed off on Debtor's schedules. [Doc. No. 1]. Where following Mr. Hirsch's directions threatened her fortunes, however, she declined to act.  Specifically,

she failed to carry out his direction to designate Debtor as beneficiary under the Policy.

Hirsch damages her credibility when she asserts, "Mrs. Hirsch strongly disputes the Trustee's allegation that Mr. Hirsch ever directed her to designate Debtor as beneficiary on the policy". Hirsch Motion, p. 10.  Hirsch has acknowledged multiple times that Mr. Hirsch wanted Debtor to be the Policy beneficiary and communicated that desire to her.  For example, in her June 26, 2023, email, a copy of which is attached to the Trustee's Crossclaim as Exhibit "A," Hirsch states, as follows:

> For the record-I just asked Greg if he was aware that there are two Prudential policies (I asked because *he has told me, repeatedly, that the $5M policy was directed to MLG* and I didn't even know the other policy existed (sic)).

Crossclaim, Exhibit "A" (emphasis added).[2]

Hirsch admits Mr. Hirsch made the directive and admits she knew about it. Her allegation that Mr. Hirsch never directed her to designate Debtor as the beneficiary is not credible.

Hirsch was granted, accepted, and exercised a fiduciary duty to Debtor. Her assumption of that duty created a confidential relationship between Hirsch and

---

[2]After the Trustee filed the Crossclaim, documents were produced to the Trustee based on the waiver of the attorney client privilege that reiterate Hirsch's June 26, 2023, admissions and specifically state that Debtor was to be the Policy beneficiary.

Debtor and imposed upon Hirsch a duty of good faith. *Niloy & Rohan, LLC v. Sechler*, 335 Ga. App. 507, 511, 782 S.E.2d 293, 297 (2016) ("[A] managing member of an LLC owes a fiduciary duty to both the LLC and any other company member"). She breached that duty when she placed her own interests over—and contrary to— Debtor's interests. The Trustee has sufficiently stated a claim against Hirsch for breaching the duty of the confidential relationship, her fiduciary duty to Debtor, and her duty to act in good faith with respect to Debtor. Hirsch should be required to answer Cross-Count I so that the Court ultimately can decide that claim on its merits.

**Cross-Count II. Unjust Enrichment**

The doctrine of unjust enrichment demands that a party not be allowed to enrich itself inequitably at another's expense. *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 819, 615 S.E.2d 1, 5 (2005), (citing *White v. Arthur Enterprises*, 219 Ga. App. 124, 464 SE2d 225 (1995)). By the POA, Hirsch accepted the authority to control Debtor, and the fiduciary duty that attends such authority. She exercised that authority-failing to act in accord with Mr. Hirsch's repeated, stated desires-to the detriment of Debtor.  For the benefit of Debtor's Bankruptcy Estate, the Trustee is entitled to seek the Court's aid in redressing this wrong.

Hirsch argues that the Trustee's unjust enrichment claim should be dismissed because Debtor did not "provide a benefit" to Hirsch. Hirsch Motion, p. 12. The argument is simplistic, misapplies the cited legal authorities, and is wrong.

No legal authority requires that a plaintiff voluntarily surrender something of value to a defendant in order to articulate a valid unjust enrichment claim. Debtor was Mr. Hirsch's intended Policy beneficiary. At a minimum, Debtor held an equitable interest in that designation. Hirsch, in violation of her fiduciary duty to act in the best interests of Debtor, deprived Debtor of the value of that equitable interest. In so doing, she enriched herself inequitably at Debtor's expense.

The Trustee has adequately pleaded her unjust enrichment claim.

## Cross-Claim III. Hirsch converted Debtor's interest-*i.e.*, designation as beneficiary under the Policy.

Mr. Hirsch intended Debtor to be the beneficiary under the Policy and, as confirmed by Hirsch's admissions, Mr. Hirsch directed her to so name Debtor as beneficiary under the Policy. As set forth in the Trustee's Crossclaim, Debtor was the rightful beneficiary to receive the proceeds.

Hirsch now argues she cannot be held liable for converting the Policy proceeds, because Debtor never had title to the proceeds. Hirsch Motion, pp. 15-16. In other words, Hirsch contends she is not liable for conversion because Debtor never received the benefit of the very thing Hirsch converted-*i.e.*, the right to be named beneficiary under the Policy.

This is circular reasoning and it is wrong. Hirsch's conversion did not first occur after Mr. Hirsch's death-that is, once there were actual *proceeds*. Rather, Hirsch committed the tort of conversion against Debtor's interests when she

refused to exercise her authority under the POA, contrary to Mr. Hirsch's directive that Debtor be named a beneficiary, so that she could remain poised to receive the Policy proceeds upon Mr. Hirsch's death. Hirsch converted Debtor's interest in being named beneficiary under the Policy.  Receiving the proceeds-or desiring receipt of the proceeds-is merely the intended byproduct of Hirsch's conversion.

Hirsch relies on a Florida case interpreting Massachusetts law to argue that Georgia law does not recognize tortious conversion of an equitable interest. *See Igor Ivanovich Gratchev v. Maxime Igorovich Gratchev*, No. 20-60022-CIV-SINGHAL, 2021 U.S. Dist. LEXIS 260238, at *11 (S.D. Fla. Jan. 25, 2021), Hirsch Motion, p. 16.  Hirsch further asserts that she cannot be liable for conversion because she does not yet have actual possession of the Policy proceeds.  Hirsch Motion, p. 16. Both arguments fail.

Under Georgia law, both personal property and specific intangible property may be the subject of a conversion claim. *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 358-59, 551 S.E.2d 765, 769 (2001).  While the general rule in Georgia is that money cannot be the subject of a conversion action, "there exists an exception to the general rule, that is, where the allegedly converted money is specific and identifiable such as insurance premiums earmarked for remittance to the insured". *Id.* (*quoting Unified Servs. V. Home Ins. Co.*, 218 Ga. App. 85, 89, 460 S.E.2d 545, 549 (1995)). A plaintiff's equitable interest in property can be the subject of a conversion claim,

legal title to the converted personal property not being necessary. *Unified Servs.*, 460 S.E.2d at 549 (citing *Privitera v. Addison*, 190 Ga. App. 102 (3) (378 S.E.2d 312) (1989)). Further, it is not necessary that a plaintiff allege the defendant's actual possession of the thing converted, as any action by the defendant inconsistent with an interest of the plaintiff will support a conversion claim. *Id.*

The Trustee has adequately pleaded her claim for conversion.

**Cross-Count IV. The POA is a contract. Debtor was a third-party beneficiary. Hirsch breached the contract as to Debtor.**

The Hirsch Motion seeks dismissal of Cross-Count IV, alleging, "[N]o contract existed between Mr. and Mrs. Hirsch". Hirsch Motion, p. 17.  That allegation is incorrect.

Georgia courts have long recognized powers of attorney as contracts.  *See Lecraw v. Lecraw*, 261 Ga. 98, 99, 401 S.E.2d 697, 698 (1991) (a power of attorney must be construed like any other contract); *see, also, Dedousis v. First Nat'l Bank*, 181 Ga. App. 425, 426, 352 S.E.2d 577, 579 (1986); *Flake v. Fulton Nat'l Bank*, 146 Ga. App. 40, 42, 245 S.E.2d 330, 332 (1978); *Martin v. McLain*, 51 Ga. App. 336, 338, 180 S.E. 510, 511 (1935) *superseded by statute on other grounds as stated in*, *Thimble Square v. Frost*, 221 Ga. App. 379, 380, 471 S.E.2d 305, 307 (1996).  The POA between Mr. Hirsch and Hirsch is a contract.

Hirsch argues that the POA is not supported by consideration. Hirsch Motion, p. 17 ("This is evidenced by the fact that Mrs. Hirsch is prohibited from using the

powers to her own benefit"). Again, Hirsch is incorrect.   Under the heading, "LIMITATION ON AGENT'S AUTHORITY," the POA provides, "<u>An agent that is not my</u> ancestor, <u>spouse</u>, or descendant SHALL NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions." [Doc. No, 4]. This limitation clearly does not apply to Hirsch, Mr. Hirsch's spouse. She was free to compensate herself for her role as Mr. Hirsch's agent. Whether she actually took compensation or not is immaterial.

The Court should not accept the argument that Hirsch's acceptance of powers and responsibilities under the POA, and her failure to exercise those powers consistent with her responsibilities and in order to benefit herself at the expense of Debtor, do not form the basis of a breach of contract claim.

Hirsch argues further, "[E]ven if the Power of Attorney were a contract, nowhere in the Power of Attorney did Mrs. Hirsch agree to change the beneficiary on the Policy." Hirsch Motion, p. 18. That allegation ignores the express language of the POA under the heading, "GRANT OF SPECIFIC AUTHORITY (OPTIONAL)," which grants Hirsch the power to, "Create or change a beneficiary designation." [Doc. No. 4, p 2].  Hirsch accepted the power to change a beneficiary on behalf of Mr. Hirsch. Hirsch has acknowledged multiple times in writing Mr. Hirsch's directive that Debtor be the Policy beneficiary and her contemporaneous knowledge of that

directive. She knew of Mr. Hirsch's wishes and directive and accepted the power to transact Mr. Hirsch's wishes. The fact that she failed to do so does not mean a contract did not exist. *See* Hirsch Motion, p. 18 ("Nowhere in the Power of Attorney did Mrs. Hirsch agree to change the beneficiary on the Policy"). Rather, it simply means that she breached the contract.

Finally, Georgia law does not require that a contract specifically identify every third-party beneficiary by name in order that there be third-party beneficiaries to the contract. *Vaughn v. Van Horn Constr.*, 254 Ga. App. 693, 695-96, 563 S.E.2d 548, 550-51 (2002). In Vaughn, the Georgia Court of Appeals reversed the trial court's grant of summary judgment in favor of the defendant on the plaintiffs' third-party beneficiary claim. The trial court, adopting an argument similar to Hirsch's argument here, determined that the plaintiffs were not third-party beneficiaries because they were not expressly identified in the underlying contract. On appeal, the Court of Appeals found that the trial court's reasoning was impermissibly narrow. Because the contract identified a class of third-party beneficiaries of which plaintiffs may be members, the trial court's grant of summary judgment was error. *Id.* ("Because Van Horn promised in Paragraph 9.12 to render some performance (indemnity) to certain nonparties to the contract (Keystone's consultants and agents), the contract clearly created a class of third-party beneficiaries").

Debtor is within the class of third-party beneficiaries identified in the POA.

The POA empowered Hirsch to "[c]reate or change beneficiary designation," [e]xercise fiduciary powers that [Mr. Hirsch] has authority to delegate," and act for Mr. Hirsch with respect to the "operation of [his] entity or business". POA, p. 1.. Debtor, Mr. Hirsch's , "entity or business" that was to be designated as beneficiary and for whom Hirsch, accepting her fiduciary role as to Debtor, was to act.  In other words, the very subject of this present dispute was addressed, albeit succinctly, in the POA.

Debtor is clearly within the class of third-party beneficiary expressed in the POA. The Trustee has sufficiently stated a claim against Hirsch for breach of contract by a third-party beneficiary.

**Cross-Count V. The Trustee is entitled to pursue the imposition of a constructive trust over the Policy proceeds.**

The Trustee has adequately pleaded her claim to impose a constructive trust on the Policy proceeds. This Court is well within its authority to consider parol evidence surrounding the POA, Mr. Hirsch's repeated directives to Hirsch that Debtor be the designated beneficiary under the Policy, and all other authority Mr. Hirsch entrusted to Hirsch and she willingly assumed.  *See* O.C.G.A. § 53-12-133 ("In all cases in which a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, the circumstances, and the conduct of the parties, either to imply or rebut the trust").  For years Georgia courts have recognized the creation of a constructive trust where the nature and circumstances surrounding a transaction

14

demonstrate that the parties intended that the one holding mere legal title would have no beneficial interest. *See Smith v. Harvey-Given Co.*, 182 Ga. 410, 417, 185 S.E. 793, 798 (1936).

Such is the case here. Mr. Hirsch clearly intended that Debtor would have the beneficial interest in the Policy. He directed Hirsch to designate Debtor as beneficiary under the Policy. She admits that she received that directive. She willingly accepted the responsibilities and duties under the POA, including the fiduciary duty owed to Debtor-a duty she exercised when she authorized Debtor's filing for Chapter 7 liquidation.

As of the Petition Date, Hirsch held legal title only to the Policy. The Trustee has demonstrated in her Crossclaim a plausible claim for the imposition of a constructive trust on the proceeds. That is all that is required at this juncture. The Trustee is entitled to conduct reasonable discovery to further determine the nature of the agency relationship created by the POA, and specifically as regards Debtor and the Bankruptcy Estate.

**Cross-Count VI. The Trustee has stated a plausible claim for the recognition of a resulting trust.**

Likewise, the Trustee has adequately pleaded her cross-count for the finding of a resulting trust in the Policy proceeds. A resulting trust is "a trust implied for the benefit of the settlor or the settlor's successors in interest when it is determined that the settlor did not intend that the holder of the legal title to the trust property also

should have the beneficial interest in the property." OCGA § 53-12-130; *Ansley v. Raczka-Long*, 293 Ga. 138, 141, 744 S.E.2d 55, 58 (2013). A resulting trust can arise where an implied trust is created but fails for any reason. *Id.*

Mr. Hirsch appointed Hirsch his agent, with appropriate authority and obligations under the POA. Hirsch accepted that authority and those obligations. Hirsch was told and acknowledged that Debtor was to be designated as the beneficiary under the Policy. If Hirsch had fulfilled her obligation of good faith to Debtor, Debtor presently would be the designated beneficiary and no question would exist as to Debtor's right to the policy proceeds.

However, Hirsch did not comply with Mr. Hirsch's directive. The implied trust Mr. Hirsch created via the POA has failed as a result of Hirsch's breach of her duties. A resulting trust over the Policy and the Policy proceeds is therefore warranted.

At a minimum, the Trustee has sufficiently pleaded her claim for the recognition of a resulting trust. Whether she prevails on that claim need not be decided at this moment. She is entitled, however, to pursue that claim through this litigation.

**Cross-Count VII. The Trustee is entitled to a determination on the merits as to the Bankruptcy Estate's interest in the Policy and the Policy proceeds.**

Hirsch argues that Cross-Count VII should be dismissed because it does not state a cause of action but rather is merely a remedy-"a request pursuant to a procedural rule which itself does not provide grounds for a cause of action." Hirsch

16

Motion, p. 24. Hirsch's argument does not warrant dismissal of Cross-Count VII.

Having articulated plausible claims against Hirsch, the Trustee is entitled to seek all remedies and rights, procedural or otherwise, available to the Bankruptcy Estate. That the Trustee seeks relief under Bankruptcy Code Section 541 and Rule 7001 in a separate cross-count is not improper or grounds for dismissal of Cross-Count VII. The Trustee seeks appropriate relief in this Cross-Count.

The remainder of Hirsch's argument merely repeats arguments already raised in the Hirsch Motion and already addressed by the Trustee herein.

Cross-Count VII should not be dismissed.

## Cross-Count VIII. The Trustee is entitled to pursue turnover of the Policy proceeds.

Since the Trustee's initial filing of her Crossclaim, Plaintiff Pruco Life Insurance Company has paid the Policy proceeds into the Court. The Trustee's Cross-Count VIII "Turnover" may no longer be necessary. In the interest of clarity, however, the Trustee maintains that she is entitled to pursue turnover of any Policy proceeds which are not otherwise returned to the Estate.

Hirsch asks the Court to adopt an impermissibly narrow construction of "property of the estate." *See* Hirsch Motion, p. 26 ("Count VIII is intrinsically tied to the state law claims because the request for turnover requires a determination under Georgia law that the policy proceeds are property of the Bankruptcy Estate").

Property of the estate is defined broadly. *In re Gillikin*, No. 88-41346, 1989

Bankr. LEXIS 2865, at *6 (Bankr. S.D. Ga. Oct. 5, 1989) ("It is sufficient that the debtor has an equitable interest in the property and debtor need not have vested title in order for the property to be property of the estate under Section 541. Equitable title constitutes property of the estate under Section 541(a)"). Proceeds from property of the estate also constitute property of the estate. *Gordon v. Hines (In re Tanner)*, Nos. 22-53852-WLH, 23-5067-WLH, 2023 Bankr. LEXIS 2569, at *8 (Bankr. N.D. Ga. Oct. 18, 2023).

As of the Petition Date, Hirsch was acting in a fiduciary capacity as to Debtor. Hirsch, in fact, signed under penalty of perjury and authorized the filing of Debtor's Voluntary Petition. She cannot credibly deny that she controlled or had the ability to control Debtor, all by virtue of the POA.  In violation of her duties to Debtor under the POA, she willfully failed to correctly designate Debtor as the Policy beneficiary. She should not be permitted now to defeat the Trustee's right to pursue recovery of Estate property and the proceeds of Estate property-*i.e.*, the Policy proceeds-where any defect is the direct result of her improper conduct.

The Trustee has established valid claims and a valid interest of Debtor and the Bankruptcy Estate in the Policy and, therefore, in the proceeds of the Policy. The Court need not determine whether the Trustee or, alternatively, Hirsch will prevail in this Adversary Proceeding, but the Trustee is entitled to pursue and try these claims through a determination on the merits.

## RESERVATION OF RIGHTS[3]

The Trustee reiterates her reservation of the right to further amend her Cross-Complaint or to file a new complaint upon discovery of facts supporting additional claims arising under Title 11 of the United States Code or other applicable law.  Discovery in this adversary proceeding has only just begun. The Court has approved the Parties' request that they have the opportunity to mediate a resolution. In the event a resolution is not achieved through mediation, the Trustee and the Bankruptcy Estate are entitled to further discovery into Hirsch's actions pre-petition which have impacted Debtor.

WHEREFORE, the Trustee requests that the Court deny the Hirsch Motion, require Hirsch to answer all Counts of the Crossclaim, allow the Parties to engage in all appropriate discovery in this Adversary Proceeding and, if the Parties cannot reach an agreement by consent, decide these issues on the merits.

---

[3] Following completion of the Rule 2004 examination of Hirsch, the Trustee anticipates that she will seek to amend the Crossclaim to assert other grounds for recovery, including willful violation of the automatic stay.

Respectfully submitted, March 27, 2024.

TAYLOR ENGLISH DUMA, LLP

By: */s/John K. Rezac*

Neil C. Gordon
Georgia Bar No. 302387
John K. Rezac
Georgia Bar No. 601935

1600 Parkwood Circle, SE, Suite 200
Atlanta, Georgia 30339
Phone: (770) 434-6868
ngordon@taylorenglish.com
jrezac@taylorenglish.com
*Attorneys for Cross-Claimant, Tiffany E. Caron, Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the RESPONSE OF TIFFANY E. CARON, CHAPTER 7 TRUSTEE, IN OPPOSITION TO MOTION TO DISMISS CROSSCLAIM with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all registered users, and have served a copy via email as follows:

>Timothy D. Roberts
>Oliver Maner LLP
>Post Office Box 10186
>218 W. State Street
>Savannah, GA 31412
>troberts@olivermaner.com
>
>Leon S. Jones
>Jones & Walden, LLC
>699 Piedmont Avenue, NE
>Atlanta, GA 30308
>ljones@joneswalden.com
>
>Ellen Louise Ash
>Quintairos, Prieto, Wood & Boyer, P.A.
>365 Northridge Road
>Suite 230
>Atlanta, GA 30350
>ellen.ash@qpwblaw.com

March 27, 2024.

>*/s/ John K. Rezac*
>John K. Rezac
>
>*Attorneys for Defendant/Cross-Claimant*
>*Tiffany E. Caron, Chapter 7 Trustee*