**IT IS ORDERED as set forth below:**

**Date: April 18, 2024**

_____
Edward J. Coleman, III
Chief United States Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>Debtor. | **CHAPTER 7**<br><br>**CASE NO. 23-40569-EJC** |
| **PRUCO LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDITH HIRSCH, individually, and TIFFANY CARON, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Master Lending Group, LLC,**<br><br>Defendants. | **Adv. Pro. No. 23-04021-EJC** |

**CONSENT ORDER AUTHORIZING AND DIRECTING MEDIATION OF DISPUTES**

On March 4, 2024, Tiffany E. Caron, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Master Lending Group, LLC ("Debtor" or "MLG") and Judith Hirsch ("Mrs.

Hirsch" and together with the Trustee, the "Parties") filed a *Joint Motion for Referral to Mediation* (the "Motion") in the above-styled bankruptcy case and adversary proceeding. It appears that the most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Mary Grace Diehl of the U.S. Bankruptcy Court, N.D.Ga. is qualified and suitable to serve in that capacity. For good cause shown, it is hereby ORDERED as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge Mary Grace Diehl is hereby designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Diehl.

2. Because Judge Diehl will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Diehl in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge Diehl in her capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Diehl in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Diehl's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or

discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Diehl is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

**[END OF ORDER]**

| | |
|---|---|
| Prepared and Consented to by:<br>**JONES & WALDEN LLC**<br>*/s/ Leon S. Jones*<br>Leon S. Jones<br>Georgia Bar No. 003980<br>699 Piedmont Avenue, NE<br>Atlanta, GA 30308<br>(404) 564-9300<br>ljones@joneswalden.com<br>*Attorney for Judith Hirsch* | Consented to by:<br><br>*/s/ Tiffany E. Caron*<br>Tiffany E. Caron<br>Georgia Bar No. 745089<br>P.O. Box 711<br>West Palm Beach, FL 33402<br>404.647.4917<br>tiffany.caron@hotmail.com<br>*Attorney for Trustee* |